Steven A. Alpert, NV Bar #8353
PRICE LAW GROUP, APC
5940 S. Rainbow Blvd., Suite 3014
Las Vegas Nevada, 89118
Phone: 702-794-2008
alpert@pricelawgroup.com

*Attorneys for Plaintiff Diana Perez*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DIANA PEREZ,<br><br>    Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>    Defendant. | **Case No.:** 2:20-cv-01533<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*<br>2. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Diana Perez ("Ms. Perez" or "Plaintiff"), by and through her attorneys, alleges the following against Defendant Comenity Bank ("Comenity" or "Defendant").

## INTRODUCTION

1.     Count I of Plaintiff's Complaint against Comenity is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint against Comenity is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

3. Jurisdiction of this court arises under 47 U.S.C. §227, and 28 U.S.C. §§1331 and 1332.

4. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Ms. Perez is a citizen of Nevada, and Comenity is a citizen of Delaware.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

6. Comenity transacts business in this state; therefore, personal jurisdiction is established.

## PARTIES

7. Ms. Perez is a natural person residing in Clark County, Nevada.

8. Defendant is a banking institution engaged in the business of giving credit and the collection of debt. Defendant can be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center 1209 Orange St., Wilmington, Delaware 19801.

9. Comenity acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

///

## FACTUAL ALLEGATIONS

10. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

11. In or around January 2020, Comenity began calling Ms. Perez on her cellular telephone number, ending in 0686.

12. On or about February 4, 2020, at approximately 9:11 am, Ms. Perez answered a call from (913) 677-8323.

13. After picking up the call, Ms. Perez heard a series of clicks, beeps or tones, and an unusually long delay before Comenity representative, Katherine, began speaking, consistent with the use of an automatic dialing system.

14. Comenity's representative indicated that Comenity was attempting to collect a debt allegedly owed by Ms. Perez.

15. Ms. Perez informed the representative that she had no money because she was dealing with unforeseen expenses. Ms. Perez instructed Comenity to only communicate with her by mail, thereby revoking consent to be called.

16. Further, Ms. Perez stated that when she was able to pay, she would call Comenity.

17. Despite Ms. Perez expressly informing Comenity to contact her in writing only, and that she could not pay at the time, Comenity began an automated campaign of harassing debt collection calls.

18. Again, on or about June 20, 2020, at approximately 2:09 p.m., Ms. Perez received a call on her cell phone from an UNKNOWN number.

19. After picking up the call, Ms. Perez heard a series of clicks, beeps or tones, and an unusually long delay before Comenity representative, Megan, began speaking, consistent with the use of an automatic dialing system.

20. Comenity's representative indicated that Comenity was attempting to collect a debt allegedly owed by Ms. Perez.

21. During this call, Ms. Perez informed the Comenity representative that she had already instructed them to contact her in writing only.

22. Further, Ms. Perez stated that Comenity was calling her mom and dad and they were going through their own hardships. Ms. Perez informed Comenity that her dad had suffered a stroke and the calls to her parents were causing her and her parents a lot of stress.

23. Ms. Perez stated that when she was doing what she could and when she could make a payment, she would call.

24. Between February 4 and June 20, 2020, Comenity called Ms. Perez on her cellular telephone approximately **TWO-HUNDRED AND FIFTY (250)** times after Ms. Perez revoked consent to be called.

25. On numerous occasions, Comenity called Ms. Perez several times a day.

26. Comenity called Ms. Perez's cell phone using different phone numbers and even using UNKNOWN numbers in an attempt to harass her and induce her into making a payment.

27. Upon information and belief, Comenity also called and texted, or attempted to call and text friends and family of Ms. Perez, including her parents, with the intention that they would communicate to Ms. Perez that Comenity was attempting to collect a debt from her, causing Ms. Perez additional embarrassment and distress.

28. Upon information and belief, Comenity called Ms. Perez and delivered prerecorded or artificial voice messages.

29. Upon information and belief, Comenity's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

30. Comenity is familiar with the TCPA.

31. Comenity's conduct was not only willful but was done with the intention of causing Ms. Perez such distress, so as to induce her to pay the debt, or pay more than she was able to.

32. Each and every one of Comenity's telephone calls caused Ms. Perez distraction, annoyance, frustration, and temporary loss of use of her telephone line.

33. Comenity's intrusion upon Ms. Perez's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts. Comenity's conduct was especially unreasonable because it called relentlessly shortly after Ms. Perez had explained she had no money to pay.

34. As a result of Comenity's conduct, Ms. Perez has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

### COUNT I
### Violations of the TCPA, 47 U.S.C. §227 *et seq.*

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Comenity violated the TCPA. Comenity's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Comenity violated TCPA 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent

part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Comenity willfully and/or knowingly contacted Plaintiff on her cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Comenity knowing and/or willfully violated the TCPA. §227 (b)(1)(B).

37. As a result of Comenity's violations of 47 U.S.C. §227, Plaintiff is entitled to declaratory judgment that Comenity's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that Comenity knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

**COUNT II**
**Violation of Invasion of Privacy — Intrusion Upon Seclusion**

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion

would be highly offensive to a reasonable person."

35. Comenity violated Plaintiff's privacy. Comenity's violations include, but are not limited to, the following:

    a. Comenity intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request for the calls to cease.

    b. The number and frequency of the telephone calls to Plaintiff by Comenity after a request(s) for them to cease constitutes an intrusion on Plaintiff's privacy and solitude.

    c. Comenity's conduct would be highly offensive to a reasonable person as Plaintiff received calls that constantly interrupted and occupied her phone line, as well as the other damages described above.

    d. The frequency and volume of Comenity's calls were harassing to Plaintiff.

    e. Comenity's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Comenity's violations of Plaintiff's privacy, Comenity is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Ms. Perez hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Diana Perez respectfully requests judgment be entered against Defendant Comenity Bank for the following:

A. Declaratory judgment that Comenity violated the TCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. Actual and punitive damages for Comenity's intrusion upon Plaintiff's seclusion;

E. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct pursuant to NRS 42.005;

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

PRICE LAW GROUP, APC

Dated: August 19, 2020

By:*/s/Steven A. Alpert*
Steven A. Alpert, NV Bar #8353

*Attorneys for Plaintiff
Diana Perez*