UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DIANA PEREZ,<br><br>       Plaintiff,<br><br>   v.<br><br>COMENITY BANK,<br><br>       Defendant. | Case No. 2:20-cv-01533-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's proposed Discovery Plan and Scheduling Order (ECF No. 17) to which Defendant objects. *See* ECF No. 19.

This case involves alleged violations of the Telephone Consumer Protection Act ("TCPA"). Defendant filed a Motion to Stay this dispute pending the outcome of the *Facebook, Inc. v. Duguid* matter (the "*Facebook* matter") which is before the U.S. Supreme Court. The Court is aware that the *Facebook* matter has not yet been argued and a decision is, at best, months away. The issue in *Facebook* is whether the definition of an automatic telephone dialing system ("ATDS") in the TCPA includes any device that can store and automatically dial telephone numbers even if the device does not use a random or sequential number generator.

Plaintiff's Complaint alleges she was called approximately 250 times by Defendant in violation of the TCPA. ECF No. 1. Plaintiff also alleges a state common law claim for Invasion of Privacy. *Id*. In Defendant's Motion to Stay, Defendant argues that the definition of an ATDS "is fundamental to Plaintiff['s] claims and will be instrumental in determining the scope of liability and disputed issues in this litigation." ECF No. 11 at 2.

The Court understands that full-blown discovery may not be warranted during the pendency of the *Facebook* matter before the U.S. Supreme Court; however, compliance with initial disclosures, production by Defendant of evidence pertaining to Defendant's contention that Plaintiff was not called using an ATDS as Defendant believes that term is properly defined by the TCPA, production of evidence by Plaintiff showing the number of times she was called, and production of evidence

1

regarding Plaintiff's claimed damages may all proceed without placing a heavy burden on either party. The production of this evidence will ensure that if the Court grants Defendant's Motion to Stay pending the outcome of the *Facebook* matter, the parties are ready to proceed without delay once the *Facebook* matter is decided or, if the Court denies Defendant's Motion to Stay, the parties are prepared to promptly proceed with more in depth discovery.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's proposed Discovery Plan and Scheduling Order (ECF No. 17) is DENIED without prejudice.

IT IS FURTHER ORDERED that within fourteen (14) days of the date of this Order the parties shall exchange initial disclosures in accordance with the Local and Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that within thirty (30) days of the date of this Order:

- Plaintiff shall produce documents in her possession supporting her claim that she was called approximately 250 times by Defendant. If a request to the telecommunication company to which Plaintiff subscribes is necessary to obtain these records, Plaintiff shall make such request. If a subpoena is necessary to obtain these records, Plaintiff may, but is not ordered to, issue such subpoena for her telephone records;

- To the extent not produced with her initial disclosures, Plaintiff shall produce documents in her possession supporting her claim of damages; and,

- Defendant shall produce documents supporting its claim that Plaintiff was not called using an ATDS as Defendant believes that term is properly defined under the TCPA.

IT IS FURTHER ORDERED that if the Court grants Defendant's Motion to Stay, all other discovery is stayed in this action in accordance with the terms of the Court's order.

IT IS FURTHER ORDERED that if the Court denies Defendant's Motion to Stay, the parties shall file a joint, proposed discovery plan and scheduling order within ten (10) days of the Court's order.

Dated this 4th day of November, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE